UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) No. 1:16-cr-179-DLH-1 |
| | ) |
| LONNIE DALE SPOTTED BEAR, | ) |
| | ) |
| Defendant/Movant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Lonnie Dale Spotted Bear ("Spotted Bear"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Spotted Bear offers the following:

## I. INTRODUCTION

Spotted Bear was charged with two counts of aggravated sexual abuse of a child under 12 years of age, one count of attempted aggravated sexual abuse of a child under 12 years of age, and one count of abusive sexual contact of a child under 12

years of age. (Docket Entry "DE" 30). After a three-day jury trial, Spotted Bear was found guilty and later sentenced to a term of 360 months imprisonment. The Eighth Circuit Court of Appeals affirmed Spotted Bear's conviction and sentence on appeal. *United States v. Spotted Bear*, 920 F.3d 1199 (8th Cir. 2019).

Spotted Bear now seeks 28 U.S.C. § 2255 relief on the basis that trial counsel was ineffective for failing to advise Spotted Bear–in no uncertain terms–that proceeding to trial would be futile in light of the insurmountable evidence the Government had to offer. But for counsel's ineffective assistance, Spotted Bear avers that he would have accepted the Government's plea agreement and pled guilty rather than proceeding to trial. For the reasons discussed herein, Spotted Bear is entitled to § 2255 relief.

## II. STATEMENT OF FACTS

On April 5, 2017, a federal grand jury sitting in the District of North Dakota, Western Division, returned a Superseding Indictment which charged Spotted Bear as follows: Counts One and Two–Aggravated Sexual Abuse of a Child Under 12 Years of Age, in violation of 18 U.S.C. §§ 2241(c) and 1153; Count Three–

2

Attempted Aggravated Sexual Abuse of a Child Under 12 Years of Age, in violation of 18 U.S.C. §§ 2241(c) and 1153; and Count Four–Abusive Sexual Contact of a Child Under 12 Years of Age, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153. Spotted Bear entered not guilty pleas to all counts of the Superseding Indictment on May 3, 2017.

Jury trial commenced on September 12, 2017, and continued to September 14, 2017. During its case-in-chief, the Government called eleven witnesses, including the three minor victims. The jury returned guilty verdicts on all four counts of the Superseding Indictment. (DE 54).

Spotted Bear next appeared for sentencing on December 20, 2017. The Court began with objections to the Presentence Investigation Report; however, none of Spotted Bear's objections had any effect on the 30-year mandatory minimum sentence required by statute. After hearing victim testimony, the Court inquired about plea negotiations prior to trial:

> THE COURT:   And what were the plea negotiations before trial?

MR. O'KONEK: Your Honor, I think it was 10- or 20-year maximum offense, with a two-year – we'd recommend two years if he didn't make the children go through the trial.

THE COURT: Mr. Bolinske.

MR. BOLINSKE: Yes, Your Honor. In this position, nothing I can or will say –

THE COURT: Can you –

MR. BOLINSKE: -- has any legal significance or consequence. Mr. Spotted Bear and Sommer Cummings and I did have meetings many times about the minimum mandatory, about the sentence offer, about the pros of the case, the cons of the case, about all of those things, and ultimately decided to go to trial.

That being said, that nothing I say legally will mean anything. Lonnie and I talked about this. And what I will say and what we've discussed is throughout this entire process, Lonnie has been a perfect gentlemen [sic]. He's been respectful. He's been considerate. He's been kind. He's been thoughtful. That completely flies in the face, I know, of the things that he's been convicted of.

I'm sorry that the whole process – to everyone here, I don't know what happened. I sort of wish I did in this circumstance because it would either make it easier or harder. I don't I understand what the law is. I understand what happened at trial, and I respect that, but knowing Lonnie and

4

>what I've observed and been around, I've appreciated getting to know him, and that's what I told him I was going to say, and I mean that so –

…

THE COURT: The government has recommended a downward departure to the 30-year mandatory minimum – or a variance, I should say, to that range, and the Court will adopt that recommendation. There's a 30-year mandatory minimum on all of these – well, three of the counts, I guess, and not more than life imprisonment on Count 4, the abusive sexual contact of a child conviction.

It's hard for me to understand, Mr. Spotted Bear, why anybody would turn down a plea agreement in which the government recommended – would recommend two years, your attorney would have an opportunity to recommend anything below that when you're looking at a case or charges that involve 30-year mandatory minimums. It's insane.

Maybe if you've got one victim that's testifying against you in a trial involving a charge of aggravated sex abuse, you got a 50/50 chance of prevailing in front of a jury. When you got three victims, all of whom were good witnesses, but three victims testifying against you, your odds go down remarkably.

> But I've had other defendants that have made the ill-advised decisions to go to trial with multiple victims and an opportunity to argue for a significantly lesser sentence. They chose to do it, and every case involving charges of aggravated sex abuse that I've tried, the juries aren't very sympathetic towards defendants, and they tend to believe the young victims who are forced to go to trial, but remarkably hold up well under direct and cross-examination. I thought these young ladies were very credible. The stories were very consistent, and they were confirmed by forensic interviews.
>
> Faced with that overwhelming evidence, to turn down a two-year or less sentence is, again, insane, but it is what it is. My hands are tied as a judge. You go to trial and you get convicted on a charge of aggravated sex abuse, Congress has decided that offense carries a 30-year mandatory minimum, so I have no discretion, none whatsoever. When people enter plea agreements, then I usually have some discretion, but I have none in this case. But the fact that this case went to trial is a – is a travesty for everybody because nobody wins when these cases go to trial. Everybody loses. Families are torn apart, and young kids' lives are destroyed forever.

(DE 77, pp. 18-23).

The Court proceeded to sentence Spotted Bear to a term of 360 months on each count, to be served concurrently. Written

judgment was entered on December 20, 2017. Spotted Bear filed a timely notice of appeal to the Eighth Circuit. On April 11, 2019, the Eighth Circuit affirmed Spotted Bear's conviction. *United States v. Spotted Bear*, 920 F.3d 1199 (8th Cir. 2019). Spotted Bear did not file a petition for writ of *certiorari* to the Supreme Court.

This Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 follows.

### III. TIMELINESS

Because Spotted Bear did not seek *certiorari*, his judgment of conviction became final 90 days after the Eighth Circuit's judgment affirming Spotted Bear's conviction. *Clay v. United States*, 537 U.S. 522 (2003). Therefore, Spotted Bear's judgment of conviction became final on July 10, 2019. Pursuant to 28 U.S.C. § 2255(f)(1), this motion is timely if filed on or before July 10, 2020.

## IV. STANDARD OF REVIEW

Claims of ineffective assistance of counsel are governed by the familiar two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance, a defendant must show (1) deficient performance, and (2) prejudice. *Id*. at 687. Prejudice is shown through a reasonable probability that, but for counsel's unprofessional errors, there is a reasonable probability of a different outcome in the proceedings. *Id*. In regard to plea proceedings, the Supreme Court has held that the *Strickland* test applies to advice given by counsel in the context of guilty plea discussions. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

## V. ARGUMENT

**a)** **Counsel Was Ineffective For Failing To Advise Spotted Bear to Plead Guilty In Light of the Overwhelming Evidence Against Spotted Bear**

The courts have long held that, "it is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement." *Libretti v. United States*, 516 U.S. 29, 50-51 (1995). "Before deciding whether to plead guilty, a defendant is entitled to 'the effective assistance of competent

8

counsel[.]" *Padilla v. Kentucky*, 599 U.S. 356, 364 (2010); *see also Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'"). Further, "[a] failure by counsel to provide advice may form the basis of a claim of ineffective assistance of counsel[.]" *Libretti*, 516 U.S. at 51 (quoting *United States v. Broce*, 488 U.S. 563, 574 (1989)). Furthermore, in *Lafler v. Cooper*, the Supreme Court held that:

> If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if a loss of the plea opportunity led to a trial resulting in a conviction on ore serious charges or the imposition of a more severe sentence.

*Lafler*, 132 S.Ct. at 1387.

In the instant case, trial counsel was ineffective for failing to advice Spotted Bear–in no uncertain terms–that proceeding to trial would inevitably result in a conviction and sentence of 30 years to life imprisonment. Prior to trial, defense counsel should have been aware of the overwhelming strength of the Government's case. Trial counsel would have known that the Government intended to call the three minor victims to testify, as

9

well as other family members. This fact alone should have made apparent that the Government's case was presumably insurmountable, as the Court noted during Spotted Bear's sentencing hearing. But this view was not held by the Court alone. On appeal, the Eighth Circuit noted that "the evidence of Spotted Bear's guilt was strong overall." *United States v. Spotted Bear*, 920 F.3d at 1202.

To compound the issue, the record demonstrates that the Government had offered a plea agreement prior to trial that would cap Spotted Bear's statutory maximum at 10 or 20 years, and include a Government recommendation for a term of two years imprisonment. Without the plea agreement, Spotted Bear faced a mandatory minimum term of 30 years on any one conviction of three counts of the four-count Superseding Indictment. As this Court noted, rejecting the plea offer in the face of such overwhelming evidence was simply "insane."

Spotted Bear's counsel had a duty "to make a reasonable investigation or to make a reasonable decision that makes particular investigation unnecessary." *Strickland*, at 691. And any

reasonable investigation would have led competent counsel to conclude that, given the expected testimony, proceeding to trial would result in a conviction and a minimum sentence of 30 years imprisonment.

Spotted Bear avers that trial counsel did not provide adequate pretrial advice regarding pleading guilty versus proceeding to trial. According to Spotted Bear, Mr. Bolinske advised Spotted Bear that he had "a good chance" of winning at trial, resulting in Spotted Bear rejecting the Government's highly favorable plea offer. (Decl. of Spotted Bear ¶¶ 4-5). Spotted Bear further avers that had counsel properly advised him of the nature of the overwhelming evidence that would be presented at trial, Spotted Bear would have pled guilty instead. (Decl. of Spotted Bear ¶ 7).

Counsel's failure to adequately advise Spotted Bear of the likelihood of conviction at trial, and the resulting minimum 30-year sentence, meets *Strickland's* first prong. To prove prejudice, Spotted Bear must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

11

proceeding would have been different." *Strickland*, at 694. In addressing the prejudice prong, the Eighth Circuit has recognized that "a defendant, after rejecting the proposed plea bargain and receiving a fair trial, may still show prejudice if the plea bargain agreement would have resulted in a lesser sentence." *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Here, there is no question that the Government's proposed plea offer would have resulted in a lesser sentence. As the Government noted, the proposed plea agreement would have capped Spotted Bear's sentence well below the statutory minimum of 30 years. In addition, the Government would have recommended a sentence of 2 years and Spotted Bear would have been free to argue for less.

The Court was wholly correct when it stated that turning down a 2-year plea deal when faced with such overwhelming evidence was nothing short of insane. But Spotted Bear's decision to reject the plea offer was the result of counsel's erroneous advice that Spotted Bear had a "good chance" of acquittal at trial. But for this advice, Spotted Bear would have agreed to plead guilty pursuant to the plea agreement and not proceeded to trial.

Accordingly, Spotted Bear is entitled to § 2255 relief. The Court should vacate Spotted Bear's conviction and sentence and instruct the Government to re-offer its prior plea agreement so that Spotted Bear may–with the aid of competent counsel–accept the plea agreement and be resentenced according to the plea agreement's terms.

## VI. EVIDENTIARY HEARING

Section 2255 requires that "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief, the court shall…grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Because the record and files in this case do not conclusively refute Spotted Bear's allegations of ineffective assistance of counsel, the Court should schedule this matter for an evidentiary hearing.

## VII. CONCLUSION

Based on the foregoing, the Court should grant Spotted Bear § 2255 relief.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email:
Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for Defendant*