IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| LONNIE DALE SPOTTED BEAR, | Case No. 1:20-cv-00002 |
| Petitioner, | **UNITED STATES' RESPONSE TO MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |
| _____ | |
| UNITED STATES OF AMERICA, | Case No. 1:16-cr-00179 |
| Plaintiff, | |
| v. | |
| LONNIE DALE SPOTTED BEAR, | |
| Defendant. | |

The United States by and through its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney, submits this response in opposition to Lonnie Dale Spotted Bear's motion pursuant to 28 U.S.C. § 2255.  (Doc. No. 84).

## PROCEDURAL HISTORY

On August 3, 2016, a federal grand jury indicted Lonnie Dale Spotted Bear ("Spotted Bear") on two counts of Aggravated Sexual Abuse of a Child Under 12 Years of Age and one count of Attempted Aggravated Sexual Abuse of a Child Under 12 Years of Age, in violation of 18 U.S.C. §§ 2241(c) and 1153.  On April 5, 2017, a federal grand jury returned

a superseding indictment charging Spotted Bear with an additional count of Abusive Sexual Contact of a Child Under 12 Years of Age, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153.

On August 30, 2017, Spotted Bear's trial counsel, Robert V. Bolinske, Jr., initiated plea discussions with the United States, sent an email to the United States regarding the petitioner's case, and asked the United States, "Any chance at resolving this one?"  Shortly thereafter, the United States sent Spotted Bear's trial counsel an email, which outlined the terms of the United States' plea offer.  Specifically, the United States included the following plea offer terms in the body of this email:

> Good morning.  I would be willing to offer Mr. Spotted Bear the original deal I sent to Mr. Omdahl (Mr. Spotted Bear's previous attorney) in February of this year.  This deal took into consideration Mr. Spotted Bear's advanced age and his health problems.  Since we are less than two weeks away from trial, I am not willing to consider any other offers other than the terms outlined below:
>
> 1) Mr. Spotted Bear would agree to plead guilty to an Information charging him with a single count of abusive sexual contact (on either [N.H.E.], [S.H.], or [M.S.]) in violation of Title 18, United States Code, Section 2244(a)(1) and 1153;
>
> 2) The United States would agree to recommend that Mr. Spotted Bear serve 24 months' imprisonment, serve 5 years' supervised release (minimum for this offense), pay restitution, and the $100 special assessment;
>
> 3) The maximum punishment for this offense is 20 years (10 years for the offense but doubled to 20 years because it involved a child under 12 years of age, pursuant to Title 18, United States Code, Section 2244(c))
>
> 4) At sentencing, the United States would agree to dismiss the Indictment, which contains charges that carry the 30 year mandatory minimum sentence.

> 5) At sentencing, you would be free to make any recommendation (including any departures or variances) you see fit.
>
> 6) Per my calculations, for the 2244(a)(1) offense, Mr. Spotted Bear would have a final offense level 30 and Criminal History I and would be facing a sentencing range of 97-121 months' imprisonment (although I would request 24 months' imprisonment). The parties recommendations would not be binding upon the court.
>
> Please let me know if Mr. Spotted Bear would be interested in accepting this deal so that I may send you the plea agreement paperwork. I will only hold this offer open until Tuesday, September 5, 2017 at 5pm. If I do not have signed plea agreement (via email) by that date/time, I will revoke the offer.

(Exhibit 1).

On September 1, 2017, Spotted Bear's trial counsel informed the United States that he would be meeting with the defendant early that next week. (Exhibit 1).

On September 14, 2017, after a three-day trial, a jury found Spotted Bear guilty on all counts. On December 20, 2017, this Court sentenced Spotted Bear to 360 months in prison and lifetime supervised release on each count, to run concurrent. Spotted Bear filed a notice of appeal on January 2, 2018. On April 11, 2019, the Eighth Circuit Court of Appeals issued an opinion that affirmed Spotted Bear's convictions.

On January 2, 2020, Spotted Bear timely filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Spotted Bear requests relief under § 2255 and alleges, in violation of the Sixth Amendment, he received ineffective assistance from his trial counsel. As stated in Spotted Bear's affidavit, he alleges that, although his trial counsel advised him of the United States' plea offer, his counsel was ineffective for failing to advise him "of the reality of the likelihood of success at trial, and [he] was misled to

believe that [he] had a significant probability of acquittal."  In summary, Spotted Bear

alleges that his trial counsel failed to provide him with the necessary information and advice

so that he could make an informed decision about whether to accept the United States' plea

offer or proceed to trial.  For the reasons set forth below, this Court should deny Spotted

Bear's § 2255 petition because he has failed to demonstrate that he has sustained prejudice

as a result of his trial counsel's alleged advice to proceed to trial.  Specifically, Spotted Bear

has not sustained prejudice because he: 1) failed to admit guilt at all stages of the trial,

appellate, and post-conviction process; 2) testified in his own defense at trial and denied

committing the offenses for which he now stands convicted; and 3) has not admitted guilt to

these offenses in his § 2255 petition.  As a result of Spotted Bear's repeated denials of

wrongdoing, he has demonstrated that he has not sustained prejudice because he never

intended to admit guilt and plead guilty to any of these offenses.

## LAW AND ARGUMENT

This Court should dismiss Spotted Bear's § 2255 motion without a hearing because,

even if this Court accepts Spotted Bear's allegations, since he has not sustained prejudice,

he is not entitled to relief.  Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on

grounds that the sentence was imposed in violation of the Constitution or law of the United

States, that the court lacked jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence is otherwise subject to

collateral attack.  28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which a

movant complains must amount to a fundamental miscarriage of justice.  Davis v. United

States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The

Supreme Court has stated that "a collateral challenge may not do service for an appeal" because "a final judgment commands respect." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003) (quoting <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995)). In order to succeed on an ineffective assistance of counsel claim, the petitioner has the burden to show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984). Spotted Bear has failed to meet his burden on either prong of the <u>Strickland</u> test.

I. **Spotted Bear is unable to establish that his trial counsel provided ineffective assistance of counsel because he cannot demonstrate both prongs of the test set forth in <u>Strickland v. Washington</u>.**

Spotted Bear has failed to meet his burden that his trial counsel provided ineffective assistance of counsel. In fact, Spotted Bear's only argument is that his trial counsel failed to advise him about "the reality of the likelihood of success at trial" so that he could make an informed decision about whether to accept or reject the United States' plea offer; wherein as explained above, it would recommend a sentence of 24 months' imprisonment. (Exhibit 1). Specifically, in Spotted Bear's affidavit, he states "[he] discussed the proposed plea

agreement with Mr. Bolinkse, who advised [him] that [he] had a good chance of winning at trial . . . [and] "[h]e was misled to believe that [he] had a significant probability of acquittal." (Doc. No. 85-1). However, in Spotted Bear's affidavit, he provides no specific facts or argument, which describes the misleading advice his trial attorney allegedly provided. As explained below, Spotted Bear's trial counsel effectively represented Spotted Bear by providing him with the United States' plea offer. Spotted Bear only provides conclusory statements that fail to articulate any specific conduct from which this Court can draw a conclusion that Spotted Bear's trial counsel provided ineffective assistance of counsel. Additionally, even assuming, *arguendo*, that Spotted Bear's trial counsel provided ineffective advice, Spotted Bear was not prejudiced because the trial, appellate, and post-conviction record demonstrates that Spotted Bear would never have accepted this offer since he never intended, and still does not intend, to admit that he committed any of the offenses for which he stands convicted.

> **A.  Spotted Bear's trial counsel effectively represented Spotted Bear during the pretrial negotiation process by advising Spotted Bear both about the United States' plea offer and the advantages and disadvantages of proceeding to trial.**

Spotted Bear's trial counsel, Bolinske, effectively represented Spotted Bear when he communicated the United States' plea offer to Spotted Bear and advised him about the advantages and disadvantages of proceeding to trial. This is not a situation where Spotted Bear's trial counsel failed to inform Spotted Bear of the United States' offer. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) ("[t]his Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a

plea on terms and conditions that may be favorable to the accused."); <u>Johnson v.</u>

<u>Duckworth</u>, 793 F.2d 898, 902 (7th Cir. 1986) (holding that failure to inform client of offer

constitutes ineffective assistance).  In fact, in Spotted Bear's affidavit, he confirms Bolinske

discussed the proposed plea agreement with him.  (Doc. No. 85-1, ¶ 4).  Additionally, as

stated above, on August 30, 2017, Bolinske emailed the United States inquiring as to a

resolution to the case.  (Exhibit 1).  The United States responded with a plea offer wherein,

if Spotted Bear pleaded guilty to a single count of abusive contact in violation of Title 18,

United States Code, Section 2244(a)(1) and 1153, the United States would recommend a

sentence of 24 months' imprisonment, 5 years' supervised release, restitution, and a $100

assessment fee.  <u>Id.</u>  Bolinske, in a subsequent email, informed the United States that he

would be meeting with Spotted Bear, presumably to discuss this plea offer.  <u>Id.</u>  Finally, at

sentencing, Bolinkse informed this Court that he had multiple meetings with Spotted Bear

where they discussed "the minimum mandatory, about the sentence offer, about the pros of

the case, the cons of the case, about all of those things, and ultimately decided to go to

trial."  (Doc. No. 85, p. 4; Sent. Tr.[1] 19:10–14).  Based on these facts, and affording

Bolinske the strong presumption in favor of effective representation to which he is entitled,

Spotted Bear has not met his burden to establish that Bolinske's representation rose to the

level of constitutionally infirm practice.

---

[1] Sentencing Transcript (Doc. Nos. 72, 77)

**B. Even assuming, *arguendo*, that Spotted Bear's trial counsel provided ineffective advice, Spotted Bear cannot demonstrate prejudice because the trial, appellate, and post-conviction record demonstrates that Spotted Bear would never have accepted this offer since he never intended, and still does not intend, to admit that he committed any of the offenses for which he stands convicted.**

Spotted Bear fails the prejudice prong of the Strickland test because he has failed to "demonstrate a reasonable probability" that he would have accepted the United States' offer, admitted guilt, or pleaded guilty, to any of the offenses for which he stands convicted and "that [his plea of guilty] would have been accepted by the trial court." See Missouri, 132 S. Ct. at 1410–11. Additionally, this Court does not need to determine whether Spotted Bear met the "performance" prong of the Strickland test, because both the United States Supreme Court and the Eighth Circuit have noted that "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting Strickland, 466 U.S. at 697), cert. denied, 528 U.S. 880 (1998). See also Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000). In Spotted Bear's case, he has failed to establish prejudice because the trial, appellate, and post-conviction record is devoid of any indicia, if Spotted Bear's trial counsel had advised him of the vast evidence against him, that Spotted Bear—who by his own admission was aware of the United States' plea offer—would have admitted guilt, entered a plea of guilty, and that this Court would have accepted his plea of guilty,.

In determining whether a defendant has established prejudice, the standard is clear that the movant must establish (1) through objective evidence that (2) there is a reasonable

probability that he would have accepted the alleged proposed plea agreement absent defense counsel's advice.  Engelen, 68 F.3d at 241; Toro v. Fairman, 940 F.2d 1065 (7th Cir. 1991).  A movant's self-serving, post-conviction testimony or statement regarding his intent with respect to a plea offer is insufficient, by itself, to establish a "reasonable probability" that he or she would have accepted the plea agreement.  Engelen, 68 F.3d at 241.  See Toro, 940 F.2d at 1068; Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) ("Given appellant's awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea agreement."); Johnson, 793 F.2d at 902.  Specifically, Spotted Bear maintained his innocence throughout trial, testified in his own defense and denied committing the crimes for which he stands convicted, and still has not admitted guilt in his § 2255 affidavit.  In Engelen v. United States, the Eighth Circuit Court of Appeals considered a factually similar case and held that the movant's actions at trial demonstrated that he would neither have admitted guilt nor pleaded guilty and affirmed the district court's decision, which denied the petitioner an evidentiary hearing.  68 F.3d at 241.

      *i.*       *Engelen v. United States*

      The Eighth Circuit's decision in Engelen is dispositive.  There, the movant argued that he was denied effective assistance of counsel, which resulted in him rejecting a plea bargain offered by the United States.  Id. at 240.  At trial, the movant testified in his own defense and maintained his innocence of the crimes charged.  Id.  After the movant was convicted, he expressed interest in pursuing a new trial.  Id.  In the movant's § 2255 petition, he argued that he had received ineffective assistance of counsel because his lawyer

failed to inform him about: "(1) applicable Sentencing Guideline provisions; (2) a statutory mandatory minimum sentence; and (3) the advantages of accepting the proffered plea agreement." Id.  Additionally, the movant provided the district court with affidavits from his wife and his parents bolstering his claims.  The district court denied the movant relief without granting an evidentiary hearing.

Engelen then appealed the district court's decision.  The Eighth Circuit determined that the district court properly denied the relief requested without a hearing, holding that Engelen had failed to show any prejudice, citing that the record was "completely barren of any evidence that Engelen would have acknowledged his guilt prior to trial." Id. at 241.  In support of this ruling, the Eighth Circuit focused particularly on the fact that "Engelen testified at the trial and maintained his innocence of the crimes alleged." Id.  Additionally, the Eighth Circuit relied on the fact that "Engelen made no direct assertion that he would have pled guilty if his counsel had provided him with additional information concerning the risks of trial." Id.

In Engelen, the movant had a stronger basis for relief than Spotted Bear, yet, the Eighth Circuit found Engelen had failed to meet the "prejudice" prong of the Strickland test because the record demonstrated that Engelen would not have acknowledged his guilt prior to trial.  Unlike Spotted Bear, Engelen specifically asserted what omissions had allegedly prevented him from accepting the proposed plea bargain.  Further Engelen, unlike Spotted Bear, attempted to support his position by providing the district court with affidavits from his family and still he was denied relief and denied a hearing.

ii.     *No evidence exists in the record demonstrating that Spotted Bear*
        *would have admitted guilt and accepted the United States' plea offer*

In the present case, there is no objective evidence showing a reasonable probability that Spotted Bear would have accepted the United States' plea offer had his trial counsel provided him with advice regarding the advantages and disadvantages of pleading guilty versus proceeding to trial.  In fact, not only has Spotted Bear failed to produce any evidence to show he would have entered a plea and admitted guilt, but the trial, appellate, and post-conviction record support that Spotted Bear never intended to admit guilt and enter a plea of guilty to any of the offense for which he stands convicted.

A quick review of the record demonstrates: 1) Spotted Bear maintained his innocence and pleaded not guilty[2]; 2) during Spotted Bear's trial, he testified in his own defense and denied committing the crimes for which he stands convicted[3]; 3) appealed his conviction and argued that he was entitled to a new trial based upon the admission of inadmissible evidence[4]; and 4) has not admitted guilt in his § 2255 affidavit[5].  Therefore, while Spotted Bear states in his affidavit that he would have accepted the United States' plea offer had his trial counsel properly advised him about the advantages and disadvantages of trial, Spotted Bear's conduct before, during, and after trial belies his own self-serving statement.

Throughout trial, Spotted Bear maintained his innocence by not only refusing the United States' plea offer, but by also testifying at trial in his own defense.  During trial,

---

[2] Doc. No. 65 (Judgment)
[3] Doc. No. 71 (Trial Transcript)
[4] Appellant's Brief, p. 20 at ¶ 3, United States v. Spotted Bear, 920 F.3d 1199 (8th Cir. 2019)
[5] Doc. No. 85-1 (Petitioner's Affidavit)

Spotted Bear testified as a witness and proclaimed his innocence to all of the charged crimes.  Spotted Bear's determination to maintain his innocence is wholly inconsistent with one who would concede guilt prior to trial by way of a guilty plea and certainly inconsistent with the position he now takes that he would have accepted the offer, of which he was clearly aware, had he only been "properly advised" by Bolinske.  See Sanders, 341 F.3d at 723 ("A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer.").  See contra Roundtree v. United States, 751 F.3d 923, 926–27 (8th Cir. 2014) (remanding the denial of a petitioner's § 2255 motion for ineffective assistance of counsel regarding a plea offer so that the district court could conduct an evidentiary hearing because: 1) the petitioner's attorney failed to advise him of a mandatory life sentence if convicted at trial; 2) the petitioner offered a sworn affidavit stating he would have accepted the United States' plea offer; and 3) there was insufficient evidence contradicting the petitioner's assertion that "he would have been amenable to accepting a plea offer if properly advised.").

   In addition, to establish prejudice, a petitioner must show that, but for his counsel's advice, he would have accepted the plea.  Engelen, 68 F.3d at 241.  The petitioner must present some credible, non-conclusory evidence that he would have pleaded guilty had he been properly advised.  Id.  Spotted Bear has failed to provide any such evidence.  Instead, the record demonstrates that he testified in his own defense at trial and maintained his innocence of the crimes alleged.  See Engelen, 68 F.3d at 241.  The only evidence

indicating that Spotted Bear would have pled guilty is his present assertion, which occurred

after a jury found him guilty, this Court sentenced him, and the Eighth Circuit Court of

Appeals affirmed his convictions.  However, even in Spotted Bear's affidavit, he fails to

admit guilt, demonstrating that it would be impossible for him to plead guilty.  Therefore,

the record shows that Spotted Bear received adequate assistance of counsel, and his Sixth

Amendment rights were not violated.

Spotted Bear has failed to meet, and cannot meet, his burden of proving his trial

counsel provided ineffective assistance of counsel.  Specifically, he cannot show that (1) his

counsel's representation fell below an objective standard of reasonableness, and assuming,

*arguendo*, (2) that it did, he has failed to demonstrate that there is a reasonable probability,

but for counsel's unprofessional errors, the result of the proceedings would have been

different.  <u>Strickland</u>, 466 U.S. at 687–88.  In summary, there is nothing in the record in this

case which lends credibility to the assertion that Spotted Bear would have acknowledged his

guilt prior to the trial.  To the contrary, all evidence of record indicates that Spotted Bear

had no intention of pleading guilty prior to the trial.  As such, Spotted Bear cannot here

meet the second prong of the <u>Strickland</u> test.  Spotted Bear cannot meaningfully argue that

but for counsel's allegedly unprofessional errors, the result of the proceedings would have

been different.  <u>Diaz</u>, 930 F.2d at 835.  Spotted Bear's trial attorney informed him about the

United States' offer, but Spotted Bear chose not to accept it and the record demonstrates

that there was not a "reasonable probability" that Spotted Bear would have accepted the

United States' plea offer.  Therefore, since there is no evidence demonstrating that Spotted

Bear would have pleaded guilty, he cannot establish prejudice, and this court should deny his § 2255 motion.

## CONCLUSION

Based upon the foregoing, the United States respectfully requests that this Court deny Spotted Bear's 2255 motion in all respects without an evidentiary hearing.  The Court may deny an evidentiary hearing if "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006).

In the present case, an evidentiary hearing is not appropriate because the record, files, and motion conclusively demonstrate that Spotted Bear is not entitled to the relief sought in his Section 2255 motion.  Id.  Consequently, this Court should deny Spotted Bear's request for an evidentiary hearing.

Dated:  January 17, 2020.

DREW H. WRIGLEY
United States Attorney

By:      /s/ Jonathan J. O'Konek_____
JONATHAN J. O'KONEK
Assistant United States Attorney
ND Bar ID 06821
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
jonathan.okonek@usdoj.gov
Attorney for United States