UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| LONNIE DALE SPOTTED BEAR, ) <br> ) <br>     Movant/Defendant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>     Respondent/Plaintiff. ) | Civil No. 1:20-cv-00002 <br> Crim. No. 1:16-cr-00179 |

### REPLY TO UNITED STATES' RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

Lonnie Dale Spotted Bear ("Spotted Bear"), by and through the undersigned counsel, respectfully submits this Reply to the United States' Response to Spotted Bear's Motion to Vacate Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In support thereof, Spotted Bear offers the following:

### I. BACKGROUND

On January 2, 2020, Spotted Bear timely filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 alleging that trial counsel was ineffective for failing to advise Spotted Bear to plead guilty in light of the overwhelming evidence against Spotted Bear. (Docket Entry "DE" 85). On January 6,

2020, the Court entered an Order directing the Government to file its Response to Spotted Bear's § 2255 motion. (DE 86).

The Government filed its Response on January 17, 2020. (DE 87). In its Response, the Government argues that Spotted Bear is unable to establish ineffective assistance of counsel because he cannot demonstrate either prong of the test established by *Strickland v. Washington*, 466 U.S. 668 (1984). (DE 87 at 5). Specifically, the Government alleges that 1) Spotted Bear cannot demonstrate that trial counsel's advice was ineffective; and 2) that Spotted Bear was prejudiced by the alleged ineffective assistance of counsel.

This Reply follows.

## II. REPLY ARGUMENT

a)   *Trial Counsel's Deficient Performance*

The entirety of the Government's argument focused on *Strickland's* first prong revolves around whether trial counsel, Mr. Bolinske, communicated the plea agreement to Spotted Bear. (DE 87 at 6-7). To bolster its position, the Government attached an e-mail string in which Mr. Bolinske and the Government discuss the

Government's proposed plea offer. (DE 87-1). However, this wholly conflates the issue raised in Spotted Bear's § 2255 motion. There is no dispute that the plea offer was communicated to Spotted Bear. But merely communicating a plea offer to a defendant does not relieve counsel of his duty to advise a defendant of the advantages and disadvantages of pleading guilty versus proceeding to trial–the heart of Spotted Bear's § 2255 claim.

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). The evidence against Spotted Bear was, undoubtedly, overwhelming. Counsel had a constitutional obligation to inform Spotted Bear of the strength of the Government's case and the dismal chance of acquittal at trial. However, Spotted Bear has alleged instead that Mr. Bolinske advised Spotted Bear that he "had a good chance of winning at trial." (DE 85-1 ¶ 4). Spotted Bear further averred that his decision to reject the Government's plea offer was based on Mr. Bolinske's advice. *Id.* ¶ 5.

Rather than addressing Spotted Bear's claim of ineffective assistance of counsel, the Government instead has chosen to focus on whether Mr. Bolinske communicated the plea offer to Spotted Bear consistent with *Missouri v. Frye*, 132 S.Ct. 1399 (2012), a claim that Spotted Bear has not raised.

Spotted Bear's § 2255 claim revolves around information that is not contained in the record. That is, Spotted Bear's allegation involves the advice Mr. Bolinske rendered when discussing the plea offer with Spotted Bear. The Government has not sought a waiver from Mr. Bolinske or obtained an affidavit from trial counsel that refutes Spotted Bear's claims. "The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974)." *Thompson v. United States*, No. CIV 12-4133, 2013 WL 1758755 (D.S.D. Apr. 24, 2013). As such, Spotted Bear submits that an evidentiary hearing is necessary to resolve Spotted Bear's § 2255 claim of ineffective assistance of counsel.

b)      *Spotted Bear Was Prejudiced By Counsel's Ineffectiveness*

Turning to prejudice, the Government alleges that Spotted Bear cannot demonstrate that, but for counsel's advice, he would have accepted the plea agreement and not gone to trial. (DE 87 at 8). In support of its contention, the Government relies heavily on *Engelen v. United States*, 68 F.3d 238 (8th Cir. 1995). Contrary to the Government's claims, *Engelen* is not dispositive and is readily distinguishable from the instant case.

Although the claims made are similar, the differences between *Engelen* and the instant case are apparent. First, it should be noted that Engelen's trial counsel submitted an affidavit wherein he swore that he advised Engelen to accept the government's plea offer "because he believed the government's evidence of guilt was overwhelming." *Engelen*, 68 F.3d at 240. Here, the Government has not produced an affidavit from trial counsel. Moreover, trial counsel in *Engelen* did specifically what Spotted Bear has alleged Mr. Bolinske should have done–advise Spotted Bear of the overwhelming evidence. (DE 85 at 9) ("trial counsel was ineffective for failing to advi[s]e Spotted Bear–in no

5

uncertain terms–that proceeding to trial would inevitably result in a conviction and sentence of 30 years to life imprisonment").

Further, a second affidavit was filed in *Engelen* from counsel for Engelen's wife, who stated both he and trial counsel discussed the advantages of pleading guilty, and both stated that Engelen refused and maintained his innocence. *Engelen*, *supra*. Yet another critical distinction between the two cases.

Furthermore, the Eighth Circuit noted that "[i]n two letters written to his trial counsel after completion of the trial, Engelen continued to assert his innocence and stated that he would like to request a new trial." *Id.* at 241. But most critically, "Engelen made no direct assertion that he would have pled guilty if his counsel had provided him with additional information concerning the risks of trial." *Id.* This is in direct contract with Spotted Bear's sworn declaration which states that had Spotted Bear been properly advised by Mr. Bolinske, he would have pled guilty instead of proceeding to trial. (DE 85-1 ¶ 7). *Engelen* is inapposite in light of these significant distinctions, and Spotted Bear has demonstrated prejudice.

6

## III. CONCLUSION

Based on the foregoing, Spotted Bear respectfully submits that the Court should hold an evidentiary hearing on Spotted Bear's claim of ineffective assistance of counsel. After said hearing, the Court should grant Spotted Bear § 2255 relief.

Respectfully submitted,

<u>/s/ Jeremy Gordon</u>
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email:
Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 5th day of February 2020.

/s/ Jeremy Gordon