IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,                )<br>                                                      )<br>                      Plaintiff,           )<br>                                                      )<br> vs.                                                )<br>                                                      )<br> Lonnie Dale Spotted Bear,              )<br>                                                      )<br>                      Defendant.         )<br>                                                      ) | **ORDER DENYING DEFENDANT'S<br>MOTION FOR HABEAS RELIEF**<br><br>Case No. 1:16-cr-179 |
| Lonnie Dale Spotted Bear,              )<br>                                                      )<br>                      Petitioner,         )<br>                                                      )<br> vs.                                                )<br>                                                      )<br> United States of America,                )<br>                                                      )<br>                      Respondent.      )<br>                                                      ) | Case No. 1:20-cv-002 |

Before the Court is Defendant Lonnie Dale Spotted Bear's Motion to Vacate under 28 U.S.C. § 2255 filed on January 2, 2020. See Doc. No. 84. The Government filed a response in opposition to the motion on January 17, 2020. See Doc. No. 872. Spotted Bear filed a response on February 5, 2020. For the reasons outlined below, the motion is denied.

**I.      BACKGROUND**

On August 3, 2016, Spotted Bear was charged by indictment with two counts of aggravated sexual abuse of a child under 12 years of age and one count of attempted aggravated sexual abuse of a child under 12 years of age. See Doc. No. 1. On April 5, 2017, a superseding indictment was filed charging Spotted Bear with the additional crime of abusive sexual contact of a child under 12 years of age. See Doc. No. 29. A jury trial was held on September 12 - 14, 2017. Spotted Bear and the

three victims testified. Spotted Bear was convicted on all four counts. See Doc. Nos. 69 and 70. Spotted Bear was sentenced on December 20, 2017, to 360 months on each count, to run concurrently. See Doc. Nos. 64 and 65

On January 2, 2018, Spotted Bear appealed to the Eighth Circuit Court of Appeals. See Doc. No. 67. Spotted Bear's convictions were upheld and the Eighth Circuit Court of Appeals issued its mandate on May 2, 2019. See Doc. Nos. 78-1 and 79.

On January 2, 2020, Spotted Bear filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See Doc. No. 84. In his petition, Spotted Bear alleges ineffective assistance of counsel and sets forth one ground for relief: counsel failed to advise him to plead guilty in light of the overwhelming evidence against him. See Doc. Nos. 84 & 85. On January 17, 2020, the Government filed a response arguing that Spotted Bear's claim fails on the merits and that his petition should be dismissed, without a hearing. See Doc. No. 87. Spotted Bear filed a reply, asserting that an evidentiary hearing was necessary. See Doc. No. 88.

## II.   STANDARD OF REVIEW

"28 U.S.C. § 2255 provides a federal prisoner an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). This requires a showing of either constitutional or jurisdictional error, or a "fundamental defect" resulting in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). A 28 U.S.C. § 2255 motion is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors.

Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994).  A 28 U.S.C. § 2255 movant "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982).  Section 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."  Davis, 417 U.S. at 343.

A prisoner is entitled to an evidentiary hearing on a Section 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief.  28 U.S.C. § 2255; Engelson v. United States, 86 F.3d 238, 240 (1995).  A Section 2255 motion "may be dismissed without hearing if (1) movant's allegation, accepted as true, would not entitle the petitioner to relief, or (2) [the] allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact." See Winters v. United States, 716 F.3d 1098 (2013); see also, Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (a single, self-serving, self-contradicting statement is insufficient to render the motions, files and records of the case inconclusive); Smith v. United States, 618 F.2d 507, 510 (8th Cir. 1980) (mere statement of unsupported conclusions will not suffice to command a hearing).

### III.  LEGAL DISCUSSION

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  To be eligible for habeas relief based on ineffective assistance of counsel, a defendant must satisfy the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, a defendant must establish that defense counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness.  Id. at 687-88.  This requires showing that counsel made errors so serious that defense counsel was

not functioning as the 'counsel' guaranteed by the Sixth Amendment. Id. at 687-88. In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. If the underlying claim (i.e., the alleged deficient performance) would have been rejected, defense counsel's performance is not deficient. Carter v. Hopkins, 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining defense counsel's performance from counsel's perspective at the time of the alleged error. Id.

Second, it must be demonstrated that defense counsel's performance prejudiced the defense. Strickland, 466 U.S. at 687. In other words, under this second prong, it must be proven that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003). An increased prison term may constitute prejudice under the *Strickland* standard. Glover v. United States, 531 U.S. 198, 203 (2001).

There is a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; Vogt v. United States, 88 F.3d 587, 592 (8th Cir. 1996). A court reviewing defense counsel's performance must make every effort to eliminate hindsight and second-guessing. Strickland, 466 U.S. at 689; Schumacher v. Hopkins, 83 F.3d 1034, 1036-37 (8th Cir. 1996). Under the *Strickland* standard, strategic decisions that are made after a thorough investigation of both the law and facts regarding plausible options are virtually unchallengeable. Strickland, 466 U.S. at 690.

When the defendant asserts that there are multiple deficiencies, each claim is reviewed independently. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006). There is no "cumulative

error" rule applied to assistance of counsel claims. United States v. Robinson, 301 F.3d 923, 925 n.3 (8th Cir. 2002).

In his only ground for relief, Spotted Bear contends that:

trial counsel was ineffective for failing to advise Spotted Bear – in no uncertain terms – that proceeding to trial would be futile in light of the insurmountable evidence the Government had to offer. But for counsel's ineffective assistance, Spotted Bear avers that he would have accepted the Government's plea agreement and pled guilty rather than proceeding to trial.

See Doc. No. 85, p. 2. Spotted Bear submitted an affidavit in which he states that he discussed the proposed plea agreement with defense counsel, "who advised [Spotted Bear] that [he] had a good chance of winning at trial." See Doc. No. 85-1 at ¶ 4. Spotted Bear further states that based upon defense counsel's advice, he proceeded to trial. Id. at ¶ 5. Finally, Spotted Bear asserts that had he been properly advised by defense counsel prior to trial, "[he] would have accepted the Government's plea offer." Id. at ¶ 7.

However, in his testimony at trial, Spotted Bear denied the allegations against him. Defense counsel specifically asked Spotted Bear whether he had touched or molested each of the three victims. To each question, Spotted Bear answered that he had not touched or molested them. See Doc. No. 71, p. 342. The following exchange occurred between Spotted Bear and defense counsel near the end of the direct examination:

> Q: Okay. And can you look the jurors in the eye and tell them that these things did not occur?
>
> A: No, these things did not occur.
>
> Q: You're under oath here, right?
>
> A: Yep.
>
> Q: And you're telling the truth?

A:     Yes.

Q:     And you've maintained this truth the entire time.

A:     Yes.

See Doc. No. 71, pp. 343-344.  During cross-examination, Spotted Bear again denied all of the allegations.  See Doc. No. 71, pp. 371-373.

At the sentencing hearing, the Court inquired as to what, if any, plea negotiations took place before trial and the Government said it has offered the defendant two years of imprisonment if the victims were spared testifying at trial.  See Doc. No. 72, pp. 18-19.  The Court then asked defense counsel to respond:

| | |
|---|---|
| THE COURT: | [Defense counsel]. |
| [DEFENSE COUNSEL]: | Yes, Your Honor.  In this position, nothing I can or will say – |
| THE COURT: | Can you – |
| [DEFENSE COUNSEL]: | – has any legal significance or consequence.  <u>Mr. Spotted Bear and Sommer Cummings[1] and I did have meetings many times about the minimum mandatory, about the sentence offer, about the pros of the case, the cons of the case, about all of those things, and ultimately decided to go to trial.</u><br>     That being said, that nothing I say legally will mean anything.  Lonnie and I talked about this.  And what I will say and what we've discussed is throughout this entire process, Lonnie has been a perfect gentlemen.  He's been respectful.  He's been considerate.  He's been kind.  He's been thoughtful.  That completely flies in the face, I know, of the things that he's been convicted of.<br>     I'm sorry that the whole process – to everyone here, I don't know what happened.  I sort of wish I did in this circumstances because it would either make it easier or harder.  I don't.  I understand what the law is.  I understand what |

---

[1] Sommer Cummings is the long-time partner of one of Spotted Bear's sons.  See Doc. No. 71, p. 317.

                happened at trial, and I respect that, but knowing Lonnie and what I've observed and been around, I've appreciated getting to know him, and that's what I told him I was going to say, and I mean that, so –

See Doc. No. 72, pp. 19-20 (emphasis added).  The Court then provided Spotted Bear an opportunity to speak.

    THE COURT:    All right.  Mr. Spotted Bear.  I am required to give you an opportunity to speak at this hearing.  If there's anything you wish to say or any questions that you have, you're free to speak at this time.

    THE DEFENDANT:    No, Your Honor.  I don't got nothing to say, but – no.  No, nothing more.

Id.

    The record before the Court establishes that defense counsel and Spotted Bear discussed the proposed plea agreement, the mandatory minimum sentence, and the pros and cons of the case.  The record does not contain an affidavit from defense counsel.  Thus, the Court does not have the benefit of defense counsel's recollections of these conversations and whether they would support or contradict Spotted Bear's recollections.  Spotted Bear asserts that the absence of this evidence supports his request for a hearing and is crucial to the resolution of his petition.  The Court disagrees.  Even if the Court were to conclude defense counsel's advice regarding Spotted Bear's probability of success at trial was deficient, Spotted Bear is unable to show prejudice.

    To establish prejudice, Spotted Bear must show that, "but for his counsel's advice, he would have accepted the plea."  Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).  "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer."  See Sanders v. United States, 341 F.3d

7

720, 723 (8th Cir. 2003)(citing United States v. Stevens, 149 F.3d 747, 748 (8th Cir. 1998); Engelen, 68 F.3d at 241. "To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised." Engelen v. U.S., 68 F.3d 238, 241 (8th Cir. 1995).

The record is devoid of any evidence that Spotted Bear would have acknowledged his guilt prior to trial. Spotted Bear repeatedly denied the allegations against him and maintained his innocence. Now, after being found guilty and sentenced to a lengthy term of imprisonment, Spotted Bear asserts that if his attorney had only given him better advice, he would have accepted the plea agreement. The Court, having observed Spotted Bear during the trial and throughout the course of this case, does not find Spotted Bear's belated and self-serving statement that he would have accepted the plea agreement to be credible. See Chesney v. United States, 367 F.3d 1055 (8th Cir. 2004) (holding the district court did not commit error when it found the defendant's assertion that he would have pled guilty to be incredible, after having observed the defendant's trial testimony to the contrary). The Court finds that Spotted Bear's assertion that he would have accepted the government's plea offer but for defense counsel's deficient advice is either "contradicted by the record" or "inherently incredible" in light of the record. See Sanders v. United Staets, 341 F.3d 720 (8th Cir. 2003). Spotted Bear has failed to meet his burden to present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised. See Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) (a single, self-serving, self-contradicting statement is insufficient to render the motions, files and records of the case inconclusive). Accordingly, Spotted Bear has not proven his defense counsel was ineffective. Spotted Bear is not entitled to habeas relief.

## IV.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant case law.  For the reasons set forth above, Spotted Bear's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 84) is **DENIED**.  The Court also issues the following **ORDER**:

1)  The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

2)  Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court.  Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983).  If the defendant desires further review of his motion, he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court